1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10
11   ERICK GRAPES,                    ) Case No. ED CV 06-434-OP
                                      )
12              Plaintiff,            )
                                      ) MEMORANDUM OPINION AND
13        v.                          ) ORDER
                                      )
14   MICHAEL J. ASTRUE,[1]            )
     Commissioner of Social          )
15   Security,                        )
                                      )
16              Defendant.            )
     ─────────────────────────       )
17
18        The Court[2] now rules as follows with respect to the two disputed issues

19   listed in the Joint Stipulation ("JS").[3]

20   ─────────────────────
21        [1]  On February 12, 2007, Michael J. Astrue became the Commissioner
     of the Social Security Administration.  Thus, Michael J. Astrue is substituted
22   for Commissioner Jo Anne B. Barnhart pursuant to Rule 25(d) of the Federal
     Rules of Civil Procedure.
23
24        [2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed
     before the United States Magistrate Judge in the current action.  (See Dkt.
25   Nos. 7, 8.)
26
27        [3]  As the Court advised the parties in its Case Management Order, the
     decision in this case is being made on the basis of the pleadings, the
28                                              (continued...)

                                1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1)  Whether the ALJ properly considered the State Agency physician's mental residual functional capacity assessment;

2)  Whether the Commissioner sustained his burden of proving there is other work in the economy that the Plaintiff can perform.

(JS at 3.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-

[3](...continued)
Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

**A.** **The ALJ Properly Considered the State Agency Physician's Mental Residual Functional Capacity Assessment.**

On May 23, 2003, the State Agency psychiatrist, Dr. Williams, completed a Mental Residual Functional Capacity Assessment ("MRFCA") on behalf of Plaintiff. Dr. Williams determined that Plaintiff is "moderately limited" in the ability to understand and remember detailed instructions and the ability to carry out detailed instructions. (Administrative Record ("AR") at 528-30.) He also concluded that Plaintiff had moderate difficulty maintaining concentration, persistence and pace. (AR at 518, 524.) In his Functional Capacity Assessment explaining these summary conclusions, Dr. Williams explained that Plaintiff was an

> 18 year old with a history of special education through the 12th grade. Grades in school ranged from As to Ds. Records indicate he can perform simple repetitive tasks on a sustained basis. [He] has adequate concentration, persistence, and pace for simple, routine tasks. He can relate socially with coworkers and the general public. Therefore he is capable of simple repetitive work.

(AR at 530.) Plaintiff contends that the ALJ improperly omitted any mention of Dr. Williams' opinion regarding Plaintiff's moderate limitations and failed to give any specific and legitimate reasons for rejecting that opinion. (JS at 5.) This Court does not agree.

Although "[a]dministrative law judges . . . are not bound by findings made by State agency or other program physicians," any such findings "must be

3

1    treated as expert opinion evidence of nonexamining sources," and Plaintiff is

2    correct that ALJs "may not ignore these opinions and must explain the weight

3    given to these opinions in their decisions."  Social Security Ruling ("SSR")

4    96-6p; see also 20 C.F.R. §§ 404.1527(f) and 416.927(f).  In this case, the ALJ

5    determined that Plaintiff had a cognitive impairment, moderate difficulty in

6    concentration, persistence and pace, and was able to perform only simple

7    repetitive tasks.  (AR at 15, 17.)  These findings are wholly consistent with Dr.

8    Williams' conclusions that Plaintiff was moderately limited in his ability to do

9    detailed work, but that he was capable of simple, repetitive work.

10         Accordingly, the Court finds that there was no error.

11   **B.    The Commissioner Sustained His Burden of Proving There Is Other**

12         **Work in the Economy that the Plaintiff Can Perform.**

13         Plaintiff claims that the ALJ's Residual Functional Capacity ("RFC")

14   limitations are inconsistent with the jobs the VE suggested Plaintiff could

15   perform.  As a result, the ALJ failed to sustain his burden of proving there is

16   other work in the economy Plaintiff can perform.  Specifically, Plaintiff claims

17   that i) the ALJ's conclusion that Plaintiff should not work in temperature

18   extremes is inconsistent with the conclusion that he could work as a Hand

19   Packager, which is described in the Dictionary of Occupational Titles ("DOT")

20   as a position that requires working in extreme heat (JS at 8, Ex. A); and ii) the

21   ALJ's conclusion that Plaintiff could perform work as a linen room attendant or

22   a dining room attendant (JS at 8, Exs. B, C) is inconsistent with the finding that

23   he was limited to simple, repetitive work, and with Dr. William's finding that

24   Plaintiff was moderately limited in his ability to understand and remember

25   detailed instructions and the ability to carry out detailed instructions, as those

26   positions as described in the DOT require reasoning levels of three and two,

27   respectively.  (JS at 8-11.)  Plaintiff apparently argues that he should be

28   restricted to a job with a reasoning level of one.  This Court does not agree.

4

1     A job's reasoning level "gauges the minimal ability a worker needs to

2   complete the job's tasks themselves." <u>Meissl v. Barnhart</u>, 403 F. Supp. 2d 981,

3   983 (C.D. Cal. 2005).  Reasoning development is one of three divisions

4   comprising the General Educational Development ("GED")[4] Scale.  DOT App.

5   C.  The DOT indicates that there are six levels of reasoning development.  <u>Id.</u>

6   Level three provides that the claimant will be able to "[a]pply commonsense

7   understanding to carry out instructions furnished in written, oral, or

8   diagrammatic form.  Deal with problems involving several concrete variables in

9   or from standardized situations."  DOT App. C § III.  Level two provides that

10   the individual will be able to "[a]pply commonsense understanding to carry out

11   detailed but uninvolved written or oral instructions.  Deal with problems

12   involving a few concrete variables in or from standardized situations."  <u>Id.</u>

13   Plaintiff contends he is limited to a reasoning level of one, which provides

14   "[a]pply commonsense understanding to carry out simple one- or two-step

15   instructions.  Deal with standardized situations with occasional or no variables

16   in or from these situations encountered on the job."  <u>Id.</u>

17         The Court finds that the DOT's reasoning development Level 2

18   requirement does not conflict with the ALJ's prescribed limitation that Plaintiff

19   could perform only simple, repetitive work.  <u>Meissl</u>, 403 F. Supp. 2d at 984-85

20   (finding that reasoning development Level 2 does not conflict with the ALJ's

21   prescribed limitation that plaintiff perform simple, routine tasks); <u>see generally</u>

22   <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding that

23

24         [4]  The GED scale "embraces those aspects of education (formal and

25   informal) which are required of the worker for satisfactory job performance.

26   This is education of a general nature which does not have a recognized, fairly

27   specific occupational objective.  Ordinarily, such education is obtained in

28   elementary school, high school, or college.  However, it may be obtained from

experience and self-study."  DOT App. C.

5

reasoning development Level 2 appears to be more consistent with plaintiff's RFC of "simple and routine work tasks"). Also, based on the reasoning in Part III.A. <u>supra</u>, it also does not conflict with Dr. William's finding that Plaintiff was moderately limited in his ability to understand and remember detailed instructions and the ability to carry out detailed instructions.

As explained by the court in <u>Meissl</u>, the Social Security Regulations contain only two categories of abilities in regard to understanding and remembering things: "short and simple instructions" and "detailed" or "complex" instructions. <u>Meissl</u>, 403 F. Supp. 2d at 984. The DOT has many more gradations for measuring this ability, six altogether. <u>Id.</u> The court explained:

> To equate the Social Security regulations use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity.

<u>Id.</u>

Furthermore, the term "uninvolved" in the DOT level two explanation qualifies the term "detailed" and refutes any attempt to equate the Social Security Regulations' use of the term "detailed" with the DOT's use of that term. <u>Id.</u> The <u>Meissl</u> court also found that a plaintiff's RFC must be compared with the DOT's reasoning scale. A reasoning level of one suggests the ability to perform slightly less than simple tasks that are in some sense repetitive. For example, they include the job of counting cows as they come off a truck or tapping the lid of a can with a stick. <u>Id.</u> The ability to perform simple, repetitive instructions, therefore, indicates a level of reasoning sophistication somewhere above level one. <u>See, e.g.,</u> <u>Hackett</u>, 395 F.3d at 1176 (holding that

6

"level-two reasoning appears more consistent with Plaintiff's RFC" to "simple and routine work tasks"). The DOT's level two definition provides that the job requires the understanding to carry out detailed instructions, with the specific caveat that the instructions be "uninvolved" – that is, not a high level of reasoning.[5] <u>Meissl</u>, 403 F. Supp. 2d at 985.

Although this Court agrees that the DOT's reasoning development level three might conflict with the ALJ's prescribed limitations in this case,[6] this would exclude only the job example of linen room attendant. However, the Court declines to consider the questions of whether the higher reasoning level encompassed by the linen room attendant job, or whether the sometimes extreme heat found at hand packing jobs,[7] would be inconsistent with Plaintiff's RFC, because even excluding these two positions from the Court's analysis, there still exists one job example provided by the VE with a reasoning development level of two – that of dining room attendant. (AR at 31.) As to that position, significant numbers of positions exist in the local and national

_____

[5] Additional evidence supports the suggestion that Plaintiff has the mental ability to work at the unskilled jobs identified by the VE despite his intellectual deficits. Plaintiff was able to obtain a driver's license, used a computer regularly, shopped, and cooked once or twice a week. (AR at 27-29.) While in school, he learned various computer applications like Microsoft Word and learned how to make web sites. (<u>Id.</u> at 29-30.)

[6] <u>See, e.g.</u>, <u>Hackett</u>, 395 F.3d at 1176 ("'Mentally, [Plaintiff] retains the attention, concentration and pace levels required for simple and routine work tasks.' This limitation seems inconsistent with the demands of level-three reasoning.") (citing <u>Lucy v. Chater</u>, 113 F.3d 905, 909 (8th Cir. 1997)).

[7] The DOT indicates that extreme heat is "frequently" a factor in hand packing jobs, that is, such a condition exists 1/3 to 2/3 of the time. (JS Ex. A.)

7

1  economies.[8] Thus, any error would be harmless. <u>Curry v. Sullivan</u>, 925 F.2d

2  1127, 1131 (9th Cir. 1990) (harmless error rule applies to review of

3  administrative decisions regarding disability).

4        Accordingly, the Court finds that the ALJ sustained his burden of proving

5  there is work in the economy that Plaintiff can perform.

6  **IV.**

7  **ORDER**

8        Based on the foregoing, IT THEREFORE IS ORDERED that Judgment

9  be entered affirming the decision of the Commissioner, and dismissing this

10  action with prejudice.

11

12  DATED:  April 24, 2008

13       HONORABLE OSWALD PARADA
     United States Magistrate Judge

14

15

16

17

18

19

20  ─────────────────

21     [8] As noted in <u>Meissl</u>, the Social Security Act provides that an individual

22  is disabled where his impairment prevents him from engaging in "any other

23  kind of substantial gainful work which exists in the national economy,"
meaning jobs "which exist[] in significant numbers" in the area where the

24  claimant lives. <u>Meissl</u>, 403 F. Supp. 2d at 982 n.1 (<u>quoting</u> 42 U.S.C. §
423(d)(2)(A)). The focus of the statute, therefore, is on the number of jobs

25  available, not the number of occupations. <u>Id.</u> Here, the VE testified that there

26  are 200,000 dining room attendant jobs nationally and 20,000 regionally. (AR

27  at 31.) This clearly constitutes a significant number. <u>See</u> <u>Barker v. Sec'y of
Health & Human Servs.</u>, 882 F. 2d 1474, 1479 (9th Cir. 1989) (availability of

28  1,266 jobs held to be a significant number).